# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON, | Case No. 1:14-cv-01679-SMS  HC |
| Petitioner, | |
| v. | ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS WITH LEAVE TO AMEND |
| AUDREY KING, Executive Director of Coalinga State Hospital, and CLIFFORD ALLENBY, Chief Director of California Mental Health Services, | |
| Respondent. | (Doc. 1) |

## Screening Order

Petitioner Earl Simpson is a former state prisoner who has been civilly committed to Coalinga State Hospital pursuant to California Penal Code § 2972.  On October 21, 2014, Petitioner filed a document entitled "Petition for Writ of Mandamus and Prohibition and Requesting to Vacate an Order of Judgment."  The Court has reviewed the petition and dismisses it, with leave to amend, for failure to state a cognizable claim.

### I.   Screening Requirement

The court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S.

1

915 (1992).  In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the pleadings and dismiss them at any time that the Court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

In screening the pleadings, the Court does not rule on the merits of the proposed action. Instead, it evaluates whether the pleadings set forth facts sufficient to render each claim cognizable. The screening process does not substitute for any subsequent motion that a defendant may elect to bring later to challenge the sufficiency of the claim(s).  *See Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1120 (S.D.Cal. 2007).

## II. <u>Pleading Standards</u>

### A. <u>Section 1983 Complaint or Habeas Corpus Petition?</u>

Because of the vague and incomplete allegations of the petition, the Court is uncertain of the exact nature of Petitioner's claim.  Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983.  *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991).  A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution.  28 U.S.C. § 2254(a).  "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973).  A plaintiff may not seek both types of relief in a single action.  *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir.

///

1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*.

### B.   Civil Claims, In General

To the extent that Petitioner intended to file a civil action, such as a civil rights claim pursuant to 42 U.S.C. § 1983, Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set

3

forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

The petition in this case is not signed. Every pleading filed in this Court must be signed by the party filing it or his attorney of record. F.R.Civ.P. 11. If Petitioner elects to file an amended civil complaint, as this order permits him to do, he must sign the pleadings.

### C.   Petition for Writ of Habeas Corpus

To the extent that Petitioner's intent was to file a petition for writ of habeas corpus, Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Respondent Audrey King, Executive Director of Coalinga State Hospital, appears to be appropriately named as the officer having custody of Petitioner, who as a result of his civil commitment is confined to Coalinga State Hospital. The Court is unsure of Petitioner's reasons for also naming Clifford Allenby as a respondent, however. If Petitioner elects to file amended pleadings as a petition for writ of habeas corpus, as this order permits him to do, the allegations of the pleadings should explain why Mr. Allenby is also named as a respondent or omit naming him as a respondent.

4

In addition, the petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign if for the petition under 28 U.S.C. § 2242." Rule 2(c)(5) of the Rules Governing 2254 Cases. Because the petition is unsigned, Plaintiff is directed to sign the amended petition.

Finally, the filed petition does not include the allegations and information required to file a complete petition for habeas corpus. The Court will order the Clerk to provide Petitioner with a form to be completed to create a complete petition for writ of habeas corpus. Plaintiff is directed to fully complete that petition to include all grounds for relief and facts supporting each such ground. The Court will not refer to the prior petition if any necessary claims or facts are omitted from the amended petition.

**III.   Exhaustion of State Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

///

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

## IV.    Civil Commitment

Plaintiff's intent in filing the petition appears to be a challenge to the sufficiency of the evidence used to order his civil commitment. Pursuant to California Penal Code § 2962, a prisoner convicted of certain statutorily identified crimes who has a severe mental disorder that is not in remission or cannot be kept in remission without treatment may be required to submit to treatment as a condition of parole. No later than 180 days before termination of parole or of release from prison if the prisoner, the medical director of the state hospital that is treating the parolee, the community director of the parolee's outpatient program, or the Secretary of the California Division of Corrections and Rehabilitation must submit a written evaluation of the prisoner's remission to the district attorney. California Penal Code § 2970(a). The district attorney may then petition the superior court for continued involuntary treatment for one year. California Penal Code § 2970(b). The court shall then conduct a hearing by jury, unless the prisoner or his attorney waives the right to jury. California Penal Code § 2972(a). "If the court or jury finds that the patient has a severe mental disorder, that the patient's severe mental disorder is not in remission or cannot be kept in remission without treatment, and that by reason of his or her severe mental disorder, the patient represents a substantial danger of physical harm to others, the court shall order the patient recommitted to the facility in which the patient was confined at the time the petition was filed, or . . . committed to the State Department of State Hospitals if the person was in prison." California Penal Code § 2972(d). A person so committed is considered an involuntary mental health patient entitled to the rights set forth in California Welfare and Institutions Code § 5325 *et seq.*

The petition alleges that Petitioner was civilly committed on December 10, 2010. It includes no factual allegations of the statutorily required annual hearings to recommit Petitioner. The petition

6

also fails to set forth a factual basis supporting Petitioner's apparent legal conclusion that his commitment was not warranted. If Petitioner elects to amend his pleadings, as this order permits him to do, he must set forth his claim(s) completely, including the full factual basis supporting his legal conclusions.

Under California law, a prisoner may challenge his civil commitment by an appeal to the California Court of Appeal or by a state habeas corpus petition. *See, e.g., People v. Williams*, 77 Cal.App.4th 436 (1999); *People v. Rish*, 163 Cal.App.4th 1370 (2008). The petition sets forth no facts to indicate whether or not Petitioner has pursued either of these state remedies. If Petitioner has not yet pursued his state remedies, this Court lacks jurisdiction to consider the petition. If Petitioner elects to amend his pleadings, he must fully set forth the legal proceedings that led to his claim(s).

The extraordinary action for writ of mandamus is generally inappropriate when a litigant has another avenue of appeal. Because the petition sets forth no facts to explain Petitioner's reason(s) for filing a petition for writ of mandamus, the Court cannot evaluate whether a petition for mandamus is appropriate in this instance.

If Petitioner elects to proceed with a petition for habeas corpus, full completion of the enclosed form for petition for writ of habeas corpus, should be sufficient to set forth the requisite components of the petition.

V.  **Conclusion and Order**

Accordingly, the Court hereby ORDERS:

1. The petition for writ of mandamus shall be dismissed with leave to amend for failure to state a cognizable claim.

2. The Clerk's Office shall send Petitioner a copy of this order and forms for
   (1) a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and (2) a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

7

3. Within thirty (30) days of service of this order, Plaintiff shall file amended pleadings consisting of either a petition for writ of habeas corpus or a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff shall fully complete the form for the amended pleadings, including all claims and the facts supporting each claim. Plaintiff shall sign the amended pleadings under penalty of perjury.

4. If Plaintiff fails to file amended pleadings within thirty (30) days from the date of service of this order, this action will be dismissed without further notice for lack of jurisdiction.

IT IS SO ORDERED.

Dated: **December 31, 2014**     **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE